UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| CHARLES FARRELL III, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:15-CV-251 WL |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION AND ORDER

Charles Farrell, III, by counsel, filed a petition for writ of habeas corpus attempting to challenge his conviction and 63 year sentence for felony murder in Elkhart Circuit Court on August 12, 2010. The respondent argues that the habeas corpus petition must be dismissed because the claims are procedurally defaulted and without merit. Farrell filed a reply and this matter is ripe for consideration.

I. BACKGROUND

In deciding the petition, the court must presume the facts set forth by the state courts are correct. 28 U.S.C. § 2254(e)(1). It is Farrell's's burden to rebut this presumption with clear and convincing evidence. *Id*. On direct appeal, the Indiana Court of Appeals set forth the facts underlying this case as follows:

> On July 25, 2009, Farrell asked Daron Tuggle if Farrell could "get some work," which Tuggle understood to mean Farrell wanted to purchase cocaine. Farrell indicated he wanted a "kilo or two." Tuggle contacted Alphonso James, whom Tuggle had assisted with large quantity cocaine deals in the past, and arranged a deal between Farrell and James.

1

> Farrell arrived at the designated site with Bruce White and an unidentified third person. James was present with Tuggle and Noble Dennie. All six men entered a lower level apartment, where James handed Farrell two packages that were three inches wide and eleven inches long and wrapped in duct tape. Tuggle testified such packaging was indicative of a "bird or brick" of cocaine. Farrell asked for something to open the "brick" and Tuggle went to the kitchen to look for a knife.
>
> While Tuggle was out of the room, White pulled out a gun, pointed it at James, and told James to "give it up." While James and White struggled with the gun, Farrell pulled out a gun and pointed it at Tuggle. When he saw the gun, Tuggle ducked down to the floor, saw White shoot James, and covered his head until the gunfire stopped. After the other men left, Tuggle called 911 to get help for James. When police arrived, James was dead.
>
> Farrell, Tuggle, and White were charged with felony murder. Tuggle agreed to plead guilty to conspiracy to deliver cocaine and to testify against Farrell. In exchange, the State dropped the murder charge against Tuggle. A jury found Farrell guilty of felony murder.

*Farrell v. State*, No. 20A03-1008-CR-457, slip op. at *2-3 (Ind. Ct. App. July 19, 2011); attached as ECF 7-6.

For his role in setting up the drug deal that resulted in James' death, Farrell was convicted of felony murder as an accomplice; the underlying felony was delivery of cocaine. Id. On direct appeal, Farrell argued: (1) there was insufficient evidence to support the conviction; (2) the trial court had improper communications with the jury; and (3) the trial court abused its discretion by denying his motion for mistrial. ECF 7-3 at p. 5. The Indiana Court of Appeals affirmed his conviction. ECF 7-6 at p. 9. Farrell then petitioned the Indiana Supreme Court, arguing that the Indiana Court of Appeals' opinion conflicts with another appellate opinion interpreting the felony-murder statute. ECF 7-7 at pp. 6-7. The Indiana Supreme Court denied transfer. ECF 2 at p.2.

2

Farrell filed a petition for post-conviction relief and, after a hearing, the trial court denied the petition on February 10, 2014. ECF 7-1 at 5. On appeal from the denial of post-conviction relief, Farrell raised two claims. First, he argued that he was convicted of a different crime than the one he was charged with because the State cited to a different subsection of the dealing statute on direct appeal. ECF 7-10 at pp. 10-13. Farrell labeled this a due process violation. Second, Farrell argued that his appellate counsel was ineffective for not raising this due process violation on direct appeal. Id. at pp. 13-15. The Indiana Court of Appeals affirmed the post-conviction court's decision. ECF 7-12. After the court of appeals denied his request for a rehearing, Farrell sought transfer in the Indiana Supreme Court. ECF 7-14. He raised two issues: (1) whether the Indiana Court of Appeals decided an important question of law; and (2) whether he was denied due process because he did not have notice of the crime for which he was charged. Id. at 2. The Indiana Supreme Court denied transfer.

## II. ANALYSIS

Farrell has filed his petition for writ of habeas corpus here raising two claims: (1) ineffective assistance of appellate counsel; and (2) a due process violation because he was convicted of a crime for which he was never charged.

**A. Farrell's ineffective assistance of counsel claim is procedurally defaulted.**

First, Farrell contends that his appellate counsel was ineffective. The respondent argues that this claim is procedurally defaulted. Before considering the merits of a claim, the court must ensure that the petitioner exhausted all available remedies in the state courts. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). Interests of comity

require that the state courts be given the first opportunity to address and correct violations of their prisoner's federal rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). For that opportunity to be meaningful, the petitioner must fairly present his constitutional claim in one complete round of state review, including with the state court of last resort. *Baldwin v. Reese*, 541 U.S. 27, 30-31 (2004); *Boerckel*, 526 U.S. at 845. The companion procedural default doctrine, also rooted in comity concerns, precludes a federal court from reaching the merits of a claim when: (1) the claim was presented to the state courts and was denied on the basis of an adequate and independent state law procedural ground; or (2) the claim was not presented to the state courts and it is clear those courts would now find the claim procedurally barred under state law. *Coleman v. Thompson*, 501 U.S. 722, 735 (1991).

The respondent points out that Farrell never raised his ineffective assistance of appellate counsel to the Indiana Supreme Court. ECF 7 at p. 11. Farrell does not dispute, or even address that failure in his traverse. Because he never raised the ineffective assistance claim to the Indiana Supreme Court, he failed to fully and fairly present the claim to Indiana's highest court. Consequently, this claim is procedurally defaulted. *Chambers*, 264 F.3d at 737-38.

A habeas petitioner can overcome a procedural default by showing both cause for failing to abide by state procedural rules and a resulting prejudice from that failure. *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977); *Wrinkles v. Buss*, 537 F.3d 804, 812 (7th Cir. 2008), *cert. denied*, 129 S. Ct. 2382 (2009). In his traverse, Farrell does not assert any basis for this court to excuse his procedural default.

A habeas petitioner may also overcome a procedural default by establishing that the court's refusal to consider a defaulted claim on the merits would result in a fundamental

4

miscarriage of justice. *House v. Bell*, 547 U.S. 518, 536 (2006); *Coleman*, 501 U.S. at 750. Under this narrow exception, the petitioner must establish that "a constitutional violation has resulted in the conviction of one who is actually innocent of the crime." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A petitioner who asserts actual innocence "must *demonstrate* innocence; the burden is his, not the state's . . . ." *Buie v. McAdory*, 341 F.3d 623, 626-27 (7th Cir. 2003) (emphasis in original). Here, Farrell does not attempt demonstrate any such fundamental miscarriage of justice would occur. In fact, Farrell does not mention his ineffective assistance claim at all in his traverse, which indicates to the court that he concedes the claim is procedurally defaulted with no existing cause and prejudice, or that any fundamental miscarriage of justice will occur if the claim is not considered.

### B. The due process claim is without merit

Next, Farrell argues that his due process rights were violated because he was convicted of an offense for which he was never charged. The respondent argues that Farrell's due process claim is defaulted because Farrell did not fairly present his due process claim to the state courts and also that the Indiana Court of Appeals relied on independent and adequate state grounds. Essentially, the respondent relies on the fact that even though Farrell "used the phrase, 'due process,' the Indiana Court of Appeals found that 'Farrell's argument raises no due process claim." ECF 7 at p. 7. The parties dispute whether this claim is procedurally defaulted. And, their respective arguments do not shed enough light on the matter. Nevertheless, that does not stop this court from ruling on the merits of Farrell's due process claim. 28 U.S.C. § 2254(b)(1).

Getting to the merits, Farrell's habeas claim is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521

U.S. 320, 336 (1997). AEDPA allows a district court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The court can grant an application for habeas relief if it meets the stringent requirements of 28 U.S.C. § 2254(d), set forth as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under this deferential standard, a federal habeas court must "attend closely" to the decisions of state courts and "give them full effect when their findings and judgments are consistent with federal law." *Williams v. Taylor*, 529 U.S. 362, 383 (2000). A state court decision is contrary to federal law if the state court arrives at a conclusion opposite to that reached by the U.S. Supreme Court or reaches an opposite result in a case involving facts materially indistinguishable from relevant U.S. Supreme Court precedent. *Bell v. Cone*, 535 U.S. 685, 694 (2002). A federal court may grant habeas relief under the "unreasonable application" clause if the state court identifies the correct legal principle from U.S. Supreme Court precedent but unreasonably applies that principle to the facts of the petitioner's case. *Wiggins v. Smith,* 539 U.S. 510, 520 (2003). To warrant relief, a state court's decision must be more than incorrect or erroneous; it must be "objectively" unreasonable. *Id.* This is a difficult standard to meet, and "[a]

state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86 (2011). Instead, to obtain relief, a petitioner must show the state court's ruling was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87.

Here, Farrell argues that his due process rights were violated because he did not have reasonable notice of the crime charged. His argument is that he was charged with felony murder in connection with delivery of cocaine, but the evidence was only sufficient to establish that he possessed cocaine with the intent to distribute Farrell raised this claim on post-conviction review. ECF 7-10; 7-14. The court of appeals determined that there was no due process violation because Farrell was not convicted of a crime for which he was not charged. ECF 7-12 at pp. 4-6.

Farrell claims that the state court's ruling was contrary to the decision in *Cole v. Arkansas*, 333 U.S. 196, 201 (1948). In *Cole*, the petitioner was convicted in Arkansas state court for violating a statute of which he had not been charged. *Id.* at 197. The Arkansas court determined that because the evidence presented at trial was sufficient to convict the petitioner of violating §1 of the Arkansas Act even though he was charged only with § 2. The Supreme Court reversed that conviction and held that "[n]o principle of due process is more clearly established than that notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge, if desired, are among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal." *Id.* at 201.

The Court of Appeals' ruling was not contrary to the Supreme Court's holding in *Cole*. Farrell was charged with felony murder by killing James while attempting to deliver cocaine.

7

This is the same offense for which he was convicted. Thus, unlike the petitioner in *Cole* who was convicted of an offense for which he was not charged, Farrell was convicted of the offense for which he was charged. Because Farrell was convicted of the same crime he was charged with, Farrell was provided with notice of the specific charge and his due process rights were not violated.

Farrell also argues that there was insufficient evidence to convict him of delivering cocaine because the evidence only showed that he was attempting to purchase cocaine. As the Indiana Court of Appeals explained:

> To prove attempted dealing in cocaine, the State must present evidence Farrell, acting with the culpability to commit the crime, engaged in conduct constituting a substantial step toward the commission of the crime. A substantial step toward the commission of the crime is "dependent on the facts of each case, but the requirement is a minimal one, often defined as any overt act in furtherance of the crime.
>
> The evidence most favorable to Farrell's conviction indicates he requested a large quantity of drugs from Tuggle, then met Tuggle and James to obtain it. If a quantity of cocaine "is such that it could not be personally consumed or used, then an inference of a predisposition to sell can reasonably be drawn." Thus, based on the quantity of drugs Farrell tried to buy, a reasonable fact-finder could conclude Farrell completed a substantial step toward his delivery of the cocaine to someone else in the future.

ECF 7-6 at 9 (citations omitted).

There is nothing to show that the State court made an unreasonable determination of the facts. "A federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Jackson v. Virginia*, 443 U.S. 307, 326 (1979). *Jackson* requires that the evidence be viewed in the light most favorable to the prosecution. It was not unreasonable for the Court of

Appeals of Indiana to have affirmed Farrell's conviction because there was sufficient evidence to find that he engaged in attempted delivery of cocaine.

III. **CERTIFICATE OF APPEALABILITY**

Finally, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the court must consider whether to grant a certificate of appealability. When the court dismisses a petition on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). First, the petitioner must show that reasonable jurists would find it debatable whether the court was correct in its procedural ruling. *Id.* at 484. If the petitioner meets that requirement, then he must show that reasonable jurists would find it debatable whether the petition states a valid claim for the denial of a constitutional right. *Id.* As previously explained, one claim is procedurally defaulted and the other claim is without merit. Farrell has not presented a colorable argument for how the procedural default of his ineffective assistance claim could be equitably excused. Moreover, it is not debatable that his due process claim in his petition fails to state a valid claim for the denial of a constitutional right. Because there is no basis for finding that jurists of reason would debate the correctness of these rulings or find a reason to encourage him to proceed further, a certificate of appealability must be denied.

IV. **CONCLUSION**

For these reasons, the court **DENIES** habeas corpus relief because the petition is untimely and **DENIES** a certificate of appealability.

9

SO ORDERED.

ENTERED: April 11, 2017            s/William C. Lee
                                   William C. Lee, Judge
                                   United States District Court